UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CAHABA VALLEY HEALTH SERVICES, INC.,** } } } | |
| **Plaintiff,** } } | Case No.: 7:19-cv-01839-RDP |
| v. } } | |
| **TRUCK INSURANCE EXCHANGE, et al.,** } } | |
| **Defendants.** | |

## MEMORANDUM OPINION

This case is before the court on Defendant Truck Insurance Exchange's ("Truck") Motion for Dismiss for Lack of Subject Matter Jurisdiction. (Doc. # 6), filed December 5, 2019. On December 20, 2019, Defendants Jackson Business ("Jackson") and Shezad Keshwani ("Keshwani") filed a response brief. (Doc. # 14).[1] Plaintiff Cahaba Valley Health Services, Inc., has not responded. After careful consideration, and for the reasons discussed below, Defendant Truck's Motion to Dismiss (Doc. # 6) is due to be granted.

Plaintiff's Complaint states that "[t]he United States District Court has subject matter jurisdiction of this declaratory judgment [action] pursuant to 28 U.S.C. § 2201." (Doc. # 1 at 1). Although not explicitly stated, it appears that Plaintiff relies on § 2201, the Declaratory Judgment Act, to confer federal question jurisdiction.[2] (Doc. # 6, Exh. A). This is improper.

---

[1] Defendant Keshwani and Defendant Jackson filed a response to the Motion to Dismiss (Doc. # 6) in anticipation of being realigned as Plaintiffs. (Doc. # 14 at 1).

[2] The court bases this inference on Plaintiff's assertion, on the civil cover sheet, that the basis of jurisdiction is federal question.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Section 2201 is a procedural statute that provides a judicial declaration of rights under the Declaratory Judgment Act. It is well-settled that the Declaratory Judgment Act does not, on its own, confer subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950) (holding that "the requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified [by the Declaratory Judgment Act]."). Rather, a federal district court must have an independent basis for federal subject matter jurisdiction.

Through the procedural vehicle § 2201, Plaintiff has requested relief based on Alabama state law. (Doc. # 1 at 5–6). Specifically, Alabama Code § 6-6-222 and § 27-23-2. (*Id.*). Because a federal question is not asserted on the face of Plaintiff's complaint, there is not an independent basis for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. So, the court looks see if there is diversity jurisdiction in this case.

Diversity jurisdiction is proper if (1) the amount in controversy exceeds $75,000, and (2) there is complete diversity of citizenship. 28 U.S.C. § 1332. In this case, the first prong is satisfied because Plaintiff seeks a declaratory judgment in the amount of $ 1,825,000. (Doc. # 1 at 5). But, the second prong is not satisfied because the parties are not completely diverse.

Here, Plaintiff Cahaba, an Alabama citizen, has sued three defendants: (1) Jackson Business, an Alabama citizen; (2) Shezad Keshwani, an Alabama citizen; and (3) Truck Insurance

Exchange, a reciprocal insurance exchange.[3] As an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court. *Girgis v. Fire Ins. Exch.,* No. CV-12-J-222-NE, 2012 WL 13019064, at *2 (N.D. Ala. Mar. 19, 2012) ("Courts have long recognized that reciprocal exchange insurance associations, like defendant, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."); *see Florida Hosp. Trust Fund. v. Comm'r*, 71 F.3d 808, 812 (11th Cir. 1996). In addition to its Motion to Dismiss, Truck submitted an affidavit from Margaret Giles, an Assistant Secretary at Truck Insurance Exchange, who is familiar with the organizational structure of Truck and has personal knowledge of its subscribers. (Doc. # 22). In the affidavit, Ms. Giles states that "Truck [] [] is a reciprocal or inter-insurance exchange. Ownership of Truck Insurance Exchange is vested entirely with its subscribers some of whom reside in the State of Alabama." (Doc. # 22 at 4). Thus, Defendant Truck is a citizen of Alabama for purposes of diversity jurisdiction. And, as such, complete diversity is not present in this case.

Of course, this current alignment of the parties is not the only possible party alignment in this case. Under established Eleventh Circuit precedent, the court may re-align the insureds (Jackson and Keshwani) as "plaintiffs" alongside the judgment plaintiff (Cahaba), because of their common interest in the disposition of insurance proceeds. (Doc. # 14, at 1 n.1); *City of Vestavia Hills v. General Fidelity Ins. Co*., 676 F.3d 1310 (11th Cir. 2012). But, even if the parties were realigned, there still would not be complete diversity. In fact, even if realignment were to occur,

---

[3] Alabama law recognizes a reciprocal exchange as authorized to transact the business of insurance in the state of Alabama. ALA. CODE. § 27-13-20(6) (defining insurer as "Any person or persons, corporation, association, partnership, reciprocal exchange, or company authorized by the laws of this state to transact the business of insurance in this state."). The Eleventh Circuit has defined reciprocal insurance as "the system whereby individuals, partnerships, or corporations engaged in similar lines of business undertake to indemnify each other against certain kinds of losses through the mutual exchange of insurance contracts, with each member acting as both an insurer and an insured . . . ." *Home Warranty Corp. v. Caldwell*, 777 F.2d 1455, 1467 (11th Cir. 1985) (citing 2 COUCH ON INSURANCE 2d (Rev. ed.) § 18.12).

citizens of Alabama remain on both sides of this case. Therefore, there is no conceivable way to arrange the parties in this case to achieve complete diversity. Thus, it follows that diversity jurisdiction does not exist here.

Because this court does not have subject-matter jurisdiction over this case, Defendant Truck's Motion to Dismiss (Doc. # 6) is due to be granted and this case is due to be dismissed without prejudice.

**DONE** and **ORDERED** this February 28, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE